```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                    CAUSE NO.: 3:05CR13-WHB-JCS

**DANNY HOPE**


### OPINION AND ORDER

This cause is before the Court on:

1) Defendant Danny Hope's Motion for New Trial, which was filed with the Clerk of the Court on October 28, 2005, under docket entry no. 30; and

2) Hope's *ore tenus* Motion for Acquittal, which was asserted at a stenographically recorded hearing before the undersigned on December 14, 2005.

Having considered the arguments of the parties and the applicable law, the Court finds that:

1) Hope's Motion for New Trial should be denied as moot; and

2) Hope's *ore tenus* Motion for Acquittal should be granted.

Defendant Hope was brought to trial before this Court on two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). The True Bill stating these charges was filed with the Clerk of the Court on February 8, 2005, under docket entry no. 1. In relevant part, the True Bill states:

COUNT 1
That on or about December 16, 2003, in Rankin County in the Jackson Division of the Southern District of Mississippi, the defendant, **DANNY HOPE**, having been convicted on or about August 24, 2000, in the Circuit Court of Hinds County, Mississippi, cause number 99-0-911, of the crime of _aggravated assault_, a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting commerce a firearm, to-wit-: one (1) Walther .380 caliber pistol, model PP, serial number 202593PP, in violation of Sections 922(g)(1) and 924(a)(2), Title 18, United States Code.

COUNT 2
That on or about December 15, 2003, in Hinds County in the Jackson Division of the Southern District of Mississippi, the defendant, **DANNY HOPE**, aided and abetted by others known and unknown to the Grand Jury, having been convicted on or about August 24, 2000, in the Circuit Court of Hinds County, Mississippi, cause number 99-0-911, of the crime of _aggravated assault_, a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting commerce a firearm, to-wit-: one (1) Walther .380 caliber pistol, model PP, serial number 202593PP, in violation of Sections 2, 922(g)(1) and 924(a)(2), Title 18, United States Code.

(Bolded emphasis in original, underlined and italicized emphasis added).

Of particular importance to the issues now before the Court is the fact that the underlying felony in both Count 1 and Count 2 is stated in the True Bill as "aggravated assault." To understand the relevance of this fact, the Court must set forth a summary of the criminal proceeding against Hope in Mississippi state court.

On February 17, 1999, Hope was indicted in Hinds County, Mississippi Circuit Court of one count of armed robbery and one

count of aggravated assault.[1]  Hinds County Circuit Judge Tomie T. Green dismissed the aggravated assault claim.  The armed robbery charge was reduced to a strong armed robbery charge pursuant to a plea agreement entered into by Hope and the state prosecutor.[2]  Hope's plea of guilty to the strong armed robbery charge, a lesser included offense to armed robbery under Mississippi law, was accepted by Judge Green during a plea hearing which occurred on August 24, 2000.[3]  However, for reasons unknown to the parties or this Court, when the federal prosecutors inquired to the state court about Hope's criminal history, the prosecutors were provided with an Order indicating that Hope had pled guilty to aggravated assault (hereinafter "state court Order").[4]  The Court is under the impression that the federal prosecutors were *not* provided with information regarding Hope's actual guilty plea to only the crime of strong armed robbery.

---

[1] A copy of the state court Indictment is attached as an unnumbered exhibit to Hope's Motion for New Trial.

[2] A copy of the Petition to Enter a Plea of Guilty is attached as an unnumbered exhibit to Hope's Motion for New Trial.

[3] A transcript of the plea hearing is attached as an unnumbered exhibit to Hope's Motion for New Trial.

[4] The state court Order is on file with the Clerk of this Court along with other Exhibits presented at the trial of the subject cause of action.  The Exhibit Envelope is filed under docket entry no. 26.  The Court notes that the state court Order was signed by Judge Green, but neither the state prosecutor nor counsel for Hope signed it.  The state court Order is dated August 24, 2000, the same date on which Hope's plea hearing was held in state court.

On July 26, 2005, the undersigned presided over the trial of this felon in possession case. During its case in chief, the Government presented evidence that Hope possessed the firearm stated in the True Bill, on the dates stated in the True Bill. That evidence, which is not in dispute, satisfied the first factor that must be proven to convict a defendant of felon in possession of a firearm.

The second factor is that the defendant was convicted of a qualifying underlying felony. The subject True Bill specifically states that the underlying felony for both Counts 1 and 2 is "aggravated assault." Consistent with that allegation, the Government entered into evidence at trial a copy of the state court Order which appears to indicate that Hope pled guilty to aggravated assault before Judge Green. However, as described above, Hope never pled guilty to aggravated assault. In fact, the state court aggravated assault charge was dismissed. Rather, Hope pled guilty to strong armed robbery in return for dismissal of the armed robbery charge.

Unfortunately, Hope's original counsel did not uncover the fact that Hope had never pled guilty to, or been convicted of aggravated assault, as stated in the True Bill. Therefore, he did not raise the issue prior to or during trial, and did not object to

entry of the state court Order at trial.[5]  After hearing all of the evidence, the jury found Hope guilty of both felon in possession counts asserted against him.

After the trial, but before sentencing, Hope's new counsel brought to the attention of the Court that Hope had never been convicted of aggravated assault.  This undisputed fact forms the basis of both the Motion for New Trial and the Motion for Acquittal.  That is, Hope contends that he is now entitled to acquittal or alternatively a new trial because both Counts in the True Bill incorrectly state that he was convicted of aggravated assault, a fact that was necessarily impossible for the Government to prove at trial.

The Government contends that Hope is entitled to no relief because regardless of whether the underlying conviction was aggravated assault or strong armed assault, Hope was guilty of the crime of felon in possession as described by the applicable statutes, and as found by the jury.  That is the Government's *factual* contention.  Founded upon this factual contention, the Government asserts two *legal* arguments.

The Government first argues that under the "constructive amendment" legal theory, Hope's conviction should be upheld and no new trial should be ordered.  "A constructive amendment of the

---

[5]At trial, Hope *himself* asserted that he had not pled guilty to aggravated assault.  Because the state court Order stated otherwise, his contention was not accepted by the Court.

5

indictment occurs when the Government changes 'its legal theory during trial so as to urge the jury to convict on a basis broader than that charged in the indictment.'" <u>United States v. Salvatore</u>, 110 F.3d 1131, 1145 (5th Cir. 1997)[6](citing <u>United States v. Doucet</u>, 994 F.2d 169, 172 (5th Cir. 1993)).  In this case, the Government neither changed its legal theory during trial nor urged the jury to convict Hope of anything other than the incorrectly stated Counts in the True Bill.  The Court therefore finds that the constructive amendment argument asserted by the Government fails.

The second legal proposition argued by the Government is that Hope is entitled to no relief because an allowable "variance" exists in this case.  For a court to find an allowable variance, "the *difference between the allegations and the proof*" presented at trial must not affect the substantial rights of the defendant.  <u>United States v. Gonzalez</u>, 661 F.2d 448, 492 (5th Cir. 1981)(emphasis added; citations omitted).  Again, the scenario presented by this case reflects no difference in the specific allegations of the Government and the proof presented at trial.  In fact, the proof presented at trial, i.e., the state court Order of conviction for the crime of aggravated assault, was completely consistent with the allegations in Counts 1 and 2 of the True Bill, i.e., that Hope had an underlying conviction of aggravated assault.

---

[6]<u>Salvatore</u> was abrogated on other grounds by <u>Cleveland v. United States</u>, 531 U.S. 12, 121 S.Ct. 365, 148 L.Ed.2d 221 (2000).

The problem, of course, is that Hope had never actually been convicted of aggravated assault.  Because the facts of this case do not fit into the parameters of the variance legal theory, the Government's second argument is rejected by the Court.

The above rulings lead the Court to the inescapable finding that Hope was wrongly convicted in the subject trial.  Simply stated, Hope was convicted of two crimes which, in 20-20 hindsight, necessarily could not have been proven at trial.  This was no fault of the Government, because it relied upon recorded documents in state court to determine Hope's criminal history.  However, it was no fault of Hope's either, and Hope, like any criminal defendant in our unmatched legal system, has the right to demand the Government prove the allegations in the True Bill before a guilty verdict may be properly returned.

Many would argue that the error complained of by Hope in this case is a mere "technical error" that should be overlooked.  While there may be some merit to that argument, the Court recognizes that the law often embodies technicalities that must be adhered to by not only the citizenry of this country, but also the Government in its enforcement of the laws.  The allegations contained in the True Bill against Hope were clearly incorrect and could not be proven.  Accordingly, the jury verdict of guilty must be overturned, and a judgment of acquittal must be entered.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Hope's *ore tenus* Motion for Acquittal is hereby granted.  Defendant Danny Hope is hereby acquitted of the charges asserted against him in this case.

IT IS FURTHER ORDERED that Hope's Motion for New Trial (docket entry no. 30) is hereby denied as moot.

IT IS FURTHER ORDERED that this case is finally discharged.  A Final Judgment will be entered.

SO ORDERED this the 16th day of December, 2005.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE

tct