```
                                           United States Court of Appeals
                                                  Fifth Circuit
      IN THE UNITED STATES COURT OF APPEALS       F I L E D
              FOR THE FIFTH CIRCUIT                May 15, 2007

                                              Charles R. Fulbruge III
                                                      Clerk
                  No. 06-60131


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellant,

                    versus

DANNY HOPE,

                                        Defendant - Appellee.
```



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUN - 7 2007
J. T. NOBLIN, CLERK
BY_____ DEPUTY

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson

Before JONES, Chief Judge, and JOLLY and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This case presents the question of whether the district court erred in granting a judgment of acquittal under FED. R. CRIM. P. 29. Hope was charged and convicted by a jury of being a felon in possession of a firearm. To prove his status as a felon, the government introduced into evidence a certified Mississippi judgment stating that Hope had pled guilty to aggravated assault. Hope's trial counsel did not object. At a post-trial hearing, first seeking a new trial under FED. R. CRIM. P. 33 and subsequently relief under Rule 29, new counsel for Hope introduced a transcript of his Mississippi state court proceeding, which showed that, after dismissal of the charge of aggravated assault, Hope had actually

pled guilty to the felony of strong-arm robbery instead of aggravated assault. The district court granted the motion, entered a final judgment of acquittal, and dismissed the Rule 33 motion as moot.[1] The district court reasoned that the evidence was insufficient to establish guilt because the government had proved the felony of aggravated assault, which was shown to be inaccurate by the transcript introduced in the post-trial hearing. Rule 29, however, tests only the sufficiency of the evidence introduced at trial to support the crime charged.[2] We therefore hold that, notwithstanding the transcript, the district court erred in entering a judgment of acquittal because the evidence introduced at trial clearly was sufficient to support guilt of the charges in the indictment and to support the jury's verdict. If Hope is entitled to relief, he must obtain it through some other procedural avenue. Therefore we reverse, reinstate the conviction and remand for sentencing.

I.

The sufficiency of the evidence in this federal conviction for being a felon in possession of a firearm requires us initially to examine the state court felony conviction. On February 17, 1999,

---

[1] The dismissal of the Rule 33 motion has not been appealed.

[2] Rule 29 reads in relevant part: " ... [T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a).

2

Danny Hope was indicted in Hinds County, Mississippi circuit court on one count of aggravated assault and one count of armed robbery. During trial, the state court judge dismissed the aggravated assault charge and declared a mistrial on the armed robbery charge. According to a transcript of the proceedings, on August 24 Hope pled guilty, under the same case number, to "strong-arm robbery,"[3] a lesser included offense which is also a felony in Mississippi. He was at that time advised that under federal law, his plea of guilty made it a crime for him to possess a firearm. For unknown reasons, however, the state court judge signed an official order, under the same style and case number, indicating that Hope had pled guilty to aggravated assault. The record shows no objection by Hope to this order. Hope was sentenced to five years of imprisonment, three and one-half years of which were suspended and he was released by the judge on the basis of time already served.

Sometime after his release from jail, Hope embarked upon a crime spree that involved the armed robbery of a convenience store near Jackson on December 15, 2003. The next day, Hope and his accomplice from that robbery were stopped by police for a traffic violation. When the policeman determined that Hope's license was suspended and attempted to detain him, Hope fled. Following a

---

[3] "Strong-arm robbery" is another name for simple robbery. <u>Cameron v. State</u>, 919 So.2d 1042, 1045 (Miss. Ct. App. 2005).

high-speed automobile chase, Hope crashed the car and was arrested. A Walther brand pistol was found underneath a seat in the car.

II.

On February 8, 2005, Hope was indicted by a federal grand jury on two counts of possessing a firearm after having been convicted of a felony, thus violating 18 U.S.C. § 922(g)(1).[4]  One count covered December 15, the day of the convenience store robbery, and the other December 16, the day Hope was apprehended.  Each count alleged that Hope had been convicted "on or about August 24, 2000, in the Circuit Court of Hinds County, Mississippi, cause number 99-0-911, of the crime of aggravated assault."  This allegation was based on the specific provisions of the certified copy of the Hinds County Circuit Court judgment order.

At trial, the government was required to prove (1) that Hope possessed a firearm in interstate commerce and (2) that he had a prior felony conviction.  It introduced the certified Mississippi judgment to satisfy the second element and Hope's attorney did not object.  Hope's trial counsel apparently said little or nothing about this element of the crime and instead focused his defense on the possession element.  Although we do not find it in the trial transcript, Hope himself apparently commented sometime during the

---

[4] The section provides in relevant part that: "It shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm ...."  18 U.S.C. § 922(g)(1).

4

trial that he had not pled guilty to the crime of aggravated assault; still, he never asserted that he had not pled guilty to a felony in the particular proceeding reflected in the Hinds County certified judgment. There is nothing in the record that shows that his attorney objected or pursued the matter. The district court noted that it had been aware of Hope's comment but "[b]ecause the state court order said otherwise, his contention was not accepted by the Court." In late July 2005, the jury found Hope guilty on both counts. A post-verdict Rule 29/33 motion for acquittal or new trial was denied on August 29.

After trial, new counsel was appointed to represent Hope. Having reviewed the transcript of the Mississippi court proceeding, Hope's counsel determined that the certified judgment on which the indictment and conviction relied was contrary to a transcript of state court proceedings of the guilty plea. The transcript indicated that Hope had entered a guilty plea to strong-arm robbery, but, as noted, the certified judgment arising out of the same proceedings stated that Hope had been convicted of aggravated assault. No one disputes that both the transcript and the certified judgment introduced at trial reflect the same plea in the same case and that both crimes are felonies. Thus, on October 28, 2005, Hope filed a second motion for a new trial under Rule 33, based on the alleged discovery of new evidence, i.e., the transcript.

A hearing was held before the district court on December 14, at which the state court transcript was introduced for the first time.[5] The district court interpreted the arguments presented as both a written Rule 33 motion for new trial and a renewed, *ore tenus* Rule 29 motion for acquittal and, on December 16, granted the latter in a written order.[6] The court reasoned that although it was not the government's fault that the underlying state court judgment introduced contained an error, Hope had been convicted on two counts "which, in 20-20 hindsight, necessarily could not have been proven at trial" because they included the words "aggravated assault." Therefore the court felt constrained to enter a judgment of acquittal. The government timely appealed.

### III.

#### A.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to convict." United States v. Lucio, 428 F.3d 519, 522 (5th Cir. 2005). Indeed, as the text of the rule, all of our

---

[5] Apparently the state court records have never been corrected and continue to reflect that Hope was convicted for aggravated assault. At the post-trial hearing, Hope introduced no certified Mississippi judgment that would affirm the transcript.

[6] The government argues now that this renewed Rule 29 motion was untimely because it was presented more than seven days after the verdict. See FED. R. CRIM. P. 29(c)(1). While the procedural posture of Hope's motion in the trial court was anything but clear, the government failed to preserve a timeliness objection; accordingly, we consider this argument forfeited. See Eberhart v. United States, 546 U.S. 12, 19 (2005).

case law and the relevant practice guide make clear, "[t]he only proper basis for a motion for judgment of acquittal is a challenge to the sufficiency of the government's evidence." 9A Fed. Proc., L. Ed. § 22:1433 (2006); see FED. R. CRIM. P. 29(a); United States v. Therm-All, Inc., 373 F.3d 625, 630 (5th Cir. 2004) ("A motion for acquittal challenges the sufficiency of the evidence.").

In reviewing a Rule 29 motion, we utilize the same standard as the district court. United States v. Sanchez, 961 F.2d 1169, 1179 (5th Cir. 1992). More specifically, when the district court grants such a motion under Rule 29, we "give no deference to the district court's ruling." United States v. Loe, 262 F.3d 427, 432 (5th Cir. 2001). Review is conducted de novo, which means that we "must assess whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged had been proven beyond a reasonable doubt." Lucio, 428 F.3d at 522.

B.

Hope's argument for acquittal was that, based on the transcript of the Mississippi proceeding, the evidence was insufficient to convict him of being a felon in possession.[7] Hope

---

[7] Hope also argued to the district court that he was entitled to a new trial under Rule 33. That motion was denied as moot. Hope did not cross-appeal this decision and thus it is not before us today. We do note in passing that the transcript appears to be the kind of evidence that was already known and, in any event,

argues that "no evidence of a valid conviction was ever presented at trial," because the indictment charged Hope with having been convicted of aggravated assault, which the transcript proved was not true. Thus, Hope says, neither the grand nor petit jury has ever been presented with evidence that he had a valid prior felony conviction, and consequently because the evidence introduced at trial does not support a verdict of guilty, the district court did not err in granting a judgment of acquittal under Rule 29.

We cannot agree. First, the indictment alleged that Hope had been convicted of a qualifying felony and it listed the particular cause number and date of his conviction, none of which is disputed. There is no variance between the evidence introduced and the crime charged in the indictment. The only variance exists between the official record of the state trial and the state transcript introduced in federal post-trial proceedings. Hope makes no argument that he was uncertain to which felony conviction the indictment referred; although at some point in the trial he apparently said that he did not plead guilty to aggravated assault, he never denied that he had pled guilty to a felony in the same case and case number alleged in the indictment. Second, the evidence that the government introduced at trial, namely the

---

should have been discovered earlier through diligence. See United States v. Wall, 389 F.3d 457, 467 (5th Cir. 2004) (discussing the five factors that must be satisfied under the Berry standard for motions for a new trial based on newly-discovered evidence).

official Mississippi judgment order, supported the indictment in every particular. Hope's trial counsel did not object to the introduction of this evidence nor did he otherwise contest the fact that Hope had been convicted of a qualifying felony. Finally, it is clear that, irrespective of whether the crime was denominated as aggravated assault or strong-arm robbery, Hope was in fact convicted of a qualifying felony -- specifically in the same case and case number that was reflected in both the certified judgment and the indictment. As noted, the record further shows that Hope was aware that this conviction made it a federal crime for him to possess a firearm in interstate commerce. He signed a form to this effect on August 28, 2000, four days after his guilty plea in state court.

IV.

We thus conclude: The only question in reviewing the district court's grant of the Rule 29 motion is whether the evidence introduced at trial and upon which the jury based its verdict is sufficient to support the crime charged in the indictment. A federal crime was correctly charged in the indictment; the government proved the crime charged with competent evidence, that is, an unobjected-to, certified state court judgment. Such evidence is sufficient to support the crime charged in the indictment and the guilty verdict the jury returned based on that evidence. Thus we hold that the district court erred in entering

9

a judgment of acquittal in response to Hope's oral Rule 29 motion. If Hope is entitled to relief, he must pursue a different procedural course in order to achieve it. For the foregoing reasons, the district court's judgment is REVERSED, Hope's conviction is hereby REINSTATED and the case is REMANDED for sentencing.